## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: | ) Case No. 14-10618 |
| | ) |
| JULIA A. BOWENS, | ) Chapter 13 |
| | ) |
| Debtor. | ) Honorable Judge Carol A. Doyle |
| | ) |
| VANDERBILT MORTGAGE AND | ) |
| FINANCE, INC., | ) |
| | ) |
| Movant. | ) |

### AGREED ORDER ON VANDERBILT MORTGAGE AND FINANCE, INC.'S MOTION TO MODIFY AUTOMATIC STAY

Come Now the Parties enter this Agreed Order ("Order") in settlement of Movant Vanderbilt Mortagage and Finance, Inc.'s Motion to Modify Automatic Stay:

1. Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt"), has a valid perfected security interest in a 2009 Southern Energy Homes Sizzler SS Series Mobile/Manufactured Home, VIN #DSDAL5623AB, 32 x 76, including all accessories therein (the "Property").

2. Beginning July 1, 2014, and continuing the like day of each succeeding month thereafter, Debtor agrees to timely and fully make her monthly post-petition payments as the payments become due under the terms of her original Manufactured Home Retail Installment Contract and Disclosure Statement, entered into on November 10, 2008, directly outside the plan to Movant, as called for in Debtor's Chapter 13 Plan filed herein. Said Manufactured Home Retail Installment Contract and Disclosure Statement

payments are due on the 1st day of each month in the amount of $881.84 per month. This amount includes an escrow payment amount of $85.68 per month.

3. The parties agree that at the time the Motion was filed, Debtor was delinquent for the April 1, 2014 through the June 1, 2014 post-petition Manufactured Home Retail Installment Contract and Disclosure Statement payments, to be paid directly outside the Plan to Movant, and that Post-petition arrearage existed in the total amount of $2,645.52.

4. Debtor made a payment in the amount of $2,645.52 on June 23, 2014 bringing her account current.

5. Debtor will provide Movant adequate protection, in connection with collateral protection insurance, in the following manner:

a. Debtor will keep acceptable collateral protection insurance on the Property in effect continuously and without interruption in the future. In the future this collateral protection insurance can be maintained, either by Debtor paying Movant for any premiums for force-placed collateral protection insurance when due, or by Debtor and obtaining collateral protection insurance through another source. If Debtor elects to pay Movant for premiums for collateral protection insurance, Debtor agrees to pay the monthly premium due, as billed by Movant, and the automatic stay is modified to permit the mailing of statements to Debtor.

b. If Debtor obtains insurance through another source, Debtor will obtain and provide Movant proof of having obtained collateral protection insurance on the

Property, which policy shall identify Movant as a loss payee, and the coverage shall be for a period of not less than six (6) months and Debtor will prepay at least three (3) months of collateral protection insurance on the Property.

6. In the future, if Debtor becomes delinquent to Movant or fails to maintain acceptable insurance on the Property, pursuant to paragraphs 2 or 5 above, Movant will file a Notice of Default with the Clerk of the United States Bankruptcy Court and mail a copy to Debtor and to Debtor's attorney by first class mail.

    a. Debtor will have fourteen (14) days from the date the Notice of Default is mailed to cure the default by filing a Notice of Cure of Default with the Clerk of the United States Bankruptcy Court and providing a copy to Movant's counsel. Curing the Default will also include attorneys fees incurred by the filing of the Notice of Default in the amount of $75.00 plus the amount of the default. (The Notice of Cure of Default shall include, as an attachment, written proof of payments, if applicable.)

    b. If Debtor fails to cure the default within fourteen (14) days of the mailing of the Notice of Default, it will be presumed no defense to the breach of this stipulation exists, and without further notice or hearing the automatic stay will be lifted and will not be subject to any stay or delay under Rule 4001 or otherwise. In that event, Movant shall be entitled to immediately proceed to enforce its remedies under applicable state law, and Movant may file and serve a Notice of Termination of Automatic Stay.

c. There shall be only two occasions for curing defaults under this Agreed Order. Upon a third default, the automatic stay is lifted without further notice or hearing. In that event, Movant will not be subject to any stay or delay under Rule 4001 or otherwise, and shall be entitled to immediately proceed to enforce its remedies under state law. Movant may also file and serve a Notice of Termination of Automatic Stay.

7. The Debtor expressly consents to Movant being granted relief from the automatic stay, immediately, without further notice or hearing, upon Debtor converting her Chapter 13 bankruptcy case to a Chapter 7 proceeding; PROVIDED THAT, Debtor is contractually delinquent at the time of conversion and subject to any interest the Chapter 7 Trustee may assert.

IT IS THEREFORE ORDERED THAT Movant Vanderbilt Mortgage and Finance, Inc.'s Motion to Modify Stay is granted upon the terms and conditions set forth herein.

SO ORDERED:

Dated: 7/15/14

U.S. Bankruptcy Court Judge

4

_____
Charles F. Kinzer, Attorney For Debtor
Geraci Law L.L.C.
55 East Monroe Street, Suite 3400
Chicago, Illinois 60603
(312) 332-1800
(877) 247-1960 FAX


_____
David G. Wasinger, IlBar #06200269
James S. Cole, IlBar #06314940
Attorneys for Vanderbilt Mortgage and
Finance, Inc.
THE WASINGER LAW GROUP, P.C.
Magna Place, Suite 875
1401 South Brentwood Boulevard
St. Louis, Missouri 63144
(314) 961-0400
(314) 961-2726 FAX

L:\Vanderbilt.FIL\Bowens.931\ago.wpd\srl\32315-931